McClendon *v.* State.

Opinion delivered July 8, 1929.

*John Owens* and *Tom Kidd,* for appellant.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith,* Assistant, for appellee.

Humphreys, J. Appellant was indicted, tried and convicted in the circuit court of Pike County for the crime of murder in the second degree, for wounding Austin Cox with a knife, on the 5th day of May, 1928, from the effects of which he died on the 7th day of May, 1928, and was adjudged to serve a term of five years in the State Penitentiary as a punishment therefor, from which is this appeal.

Among the assignments of error urged by appellant for a reversal of the judgment was the refusal of the trial court to allow him to introduce in evidence several judgments of conviction for felonies committed by the deceased, Austin Cox, as affecting the credibility of his dying declarations relative to the difficulty and resultant tragedy, which the State introduced in evidence. It is provided in § 4187 of Crawford & Moses' Digest that a

witness may be impeached by the introduction of a judgment showing his conviction of a felony.

Under the rules of evidence in this State, dying declarations are treated as other sworn testimony when introduced in evidence, and for that reason are subject to be impeached in the same manner as other testimony is impeached. *Alford* v. *State,* 161 Ark. 256, 255 S. W. 884; *Clark* v. *State,* 163 Ark. 180, 259 S. W. 378. The trial court therefore committed reversible error in excluding the judgments of convictions for felonies of the deceased as affecting the credibility of his dying declarations which were introduced in evidence by the State.

In this connection the trial court also erred in excluding the testimony of Dr. W. W. Chamberlin, to the effect that the deceased was not in a dying condition when brought to the hospital, as tending to refute the testimony of the witnesses who testified that he made dying declarations to them before reaching the hospital concerning the difficulty and the wounds he had received at the hand of appellant. The question of whether the deceased made the statements to the several witnesses in view of impending death, was a question for the jury, in the last analysis, and his physical condition upon his arrival at the hospital was a circumstance which might aid them in determining that question. The testimony of the physician was admissible for that purpose.

Testimony was introduced by appellant tending to show that he inflicted the knife wound in the defense of his son.

Another assignment of error urged by appellant for a reversal of the judgment was the giving by the trial court of instructions 11, 12, 13 and 15, at the instance of the State, because it is alleged that they cut off the right of appellant to go to the defense of his son. The instructions do not have that effect, when read in connection with instructions numbered 16, 17 and 18 given by the trial court at the request of appellant. The first instructions complained of dealt with appellant's right to defend himself, and the instructions which the court gave at appel-

lant's instance dealt with his right to go to the defense of his son. There is no conflict whatever in the instructions, and when read together they present the whole law of self-defense correctly.

Another assignment of error urged by appellant for a reversal of the judgment is that the trial court told the jury, in instruction No. 27, that they might convict appellant for second degree murder without finding that the killing was done with malice. Instruction No. 27 was unhappily worded, but it is clear that the trial court did not intend in the use of the language in said instruction to tell the jury that there could be a conviction of murder in the second degree without malice. He specifically instructed them, in instruction No. 1, that they must find the existence of malice in order to convict appellant of murder in the second degree. As the case must be reversed and remanded for a new trial for errors heretofore pointed out, we are sure the trial court will eliminate the alleged ambiguity in instruction No. 27. We would not reverse the case upon this alleged error alone.

Another assignment of error urged by appellant for a reversal of the judgment is that the trial court told the jury, in instruction No. 28, that it was appellant's duty to retreat after being attacked before he could act in necessary self-defense. This instruction does not bear the interpretation placed upon it by appellant, when read as a whole. The first part of the instruction is a correct declaration of law, and it is apparent that the second part of the instruction was given in explanation of the first. It was unnecessary to have added the explanation to the instruction, but we do not think it in any way prejudiced the rights of appellant. Upon a new trial of the cause the explanatory feature of the instruction will doubtless be eliminated by the trial court.

Appellant urges other objections to instructions given and refused by the trial court, which we think are untenable.

The judgment is reversed, and the cause is remanded for a new trial.